IRVING, P.J.,
dissenting:
¶ 31. The majority finds that the circuit court did not abuse its discretion in dismissing Shepard’s complaint for failure to prosecute. I disagree; therefore, I dissent. For the reasons that are explained herein, I would reverse the judgment of the circuit court and remand this case to the circuit court for a hearing on the merits.
¶ 32. This case presents an unusual set of procedural facts extending over a period of five years. On October 1, 1993, Shepard, individually and as the administratix of Stowers’s estate filed a wrongful death complaint against Prairie Anesthesia and others in the Scott County Circuit Court. Shepard’s complaint was transferred to the Lowndes County Circuit Court where Jones, representing a purported wrongful death heir of Stowers, had already filed a wrongful death action against the same defendants that were named in Shepard’s complaint. On November 2, 1994, the Lowndes County Circuit Court stayed the proceedings in Shepard’s case pending disposition of various motions in Jones’s case. The stay was lifted on July 22, 1997. Therefore, it cannot be legitimately argued that the period of time prior to July 1997 should be included in the calculation when considering whether Shepard failed to prosecute her case.
¶ 33. The first motion to dismiss for lack of prosecution was filed by Dr. Linton on December 2, 1997, a little over three months after the stay had been lifted, because Shepard had failed to respond to discovery.[7] Other defendants, including Prairie Anesthesia, joined Dr. Linton’s motion. On February 9, 1998, the circuit court considered the defendants’ motion to *930 dismiss or, alternatively, to compel discovery. The court entered an order compelling Shepard to provide all outstanding discovery. The court also entered an amended scheduling order extending expert designation, discovery, and motion deadlines until September 1998, and the parties continued the prosecution of the case until the end of the amended discovery deadline. It was after the conclusion of the discovery deadline that Shepard’s prosecution of her case began to falter, as she did nothing further on her case until February 11, 2000, when she responded to the clerk’s first motion to dismiss by filing a motion for a trial setting. Apparently, this motion was never noticed for hearing.
¶ 34. Shepard took no further action in the prosecution of her case until April 13, 2001, when she was again forced to respond to a second motion by the clerk for dismissal of her case. She responded this time by filing yet another motion for a trial setting and for a status conference with the circuit court. The circuit court set a pretrial conference for November 19, 2001, but, due to a prior trial setting and other matters, Shepard later asked for a continuance. The record does not reflect any further action by Shepard until April 15, 2004, when again she was forced to respond to the clerk’s motion to dismiss. Shepard filed a motion for a status conference and for a trial setting. The circuit court entered an order on May 18, 2004, directing the parties to schedule mediation within twenty days and to complete mediation in ninety days. On August 12, 2004, Shepard advised the circuit court in specific details of the reasons why she had been unable to comply with the court’s May 18 directive to commence mediation and requested an additional sixty days to do so. Apparently, nothing further occurred in the prosecution of the case until August 12, 2005, when Shepard again filed a motion for a status conference and for a trial setting. The motion was set for hearing on November 14, 2005.
¶ 35. On February 22, 2006, the circuit court, sua sponte, entered an order directing the parties to schedule mediation within twenty days. On March 15, 2006, Prairie Anesthesia filed a motion for an extension of time in which to designate experts. The other defendants joined this motion. On November 28, 2006, the circuit court entered an order continuing the action until further order of the court. On September 13, 2007, Shepard’s counsel sent a letter via electronic mail to counsel for the defendants advising of his availability for trial on May 19 and 27, 2008; November 17, 2008; and December 1, 2008. On April 29, 2008, the clerk filed another motion to dismiss for lack of prosecution, and it is from this motion that this appeal emanates. In response to the clerk’s motion, counsel for Shepard filed a copy of the September 13, 2007 letter that he had sent to defense counsel by electronic mail.
¶ 36. Based on these facts, it is clear to me that the circuit court abused its discretion when it dismissed Shepard’s complaint for lack of prosecution. Had the dismissal occurred prior to March 15, 2006, when Prairie Anesthesia moved for an extension of time to designate experts, I would agree with the majority that the judgment of dismissal should be affirmed. However, that did not happen. It is significant that in December 1997, Prairie Anesthesia joined Dr. Linton’s motion to dismiss. Throughout the substantial periods of time when Shepard took no action to move her case along, Prairie Anesthesia and the other defendants did nothing to have the case dismissed. Then in March 2006, after the circuit court had ordered mediation, Prairie Anesthesia actively participated in the prosecution of this case by requesting an extension of time to designate experts. I *931 am aware that it was the clerk’s motion to dismiss for lack of prosecution that ultimately led to the dismissal. Nevertheless, Prairie Anesthesia and the other defendants claim to have suffered prejudice by the lack of movement in the case. It would appear that if they saw their defenses being prejudiced by the passage of time, surely they would have moved for a dismissal themselves. Moreover, there had been action in the case during the twelve months preceding the filing of the clerk’s motion on April 28, 2008. Therefore, under Rule 41 of the Mississippi Rules of Civil Procedure, dismissal was inappropriate.
¶ 37. For the reasons presented, I dissent.
LEE, C.J., Joins this Separate Written Opinion.

. As an alternative to dismissing Shepard’s complaint, Dr. Linton sought to compel the discovery that Shepard had failed or refused to make.